UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN GROSS                                                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:24-CV-707-KHJ-MTP

L. ROSA, JR.                                                                                  RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

Pro se Petitioner John Gross—a pretrial detainee at the Tallahatchie County Correctional Facility—filed this habeas action on November 7, 2024. Pet. [1]. On November 12, the Court ordered him to either pay the filing fee or apply for leave to proceed *in forma pauperis*, specifically including a Certificate by Authorized Officer of Institution. Order [2]. On November 20, Gross filed a [4] Motion for Leave to Proceed *in forma pauperis*, but it was not signed by an Authorized Officer of Institution. [4] at 2. Because he failed to comply, the Court entered an [7] Order to Show Cause, directing Gross to pay the fee, file a properly completed IFP application, or show cause why the Court should not dismiss the case for failure to comply with a court order. [7]. Gross's response was due January 10, 2025. *Id.* Since Gross still did not comply, the Court entered a [8] Second Order to Show Cause,

giving him one more chance to comply. [8].[1] Gross did not respond or otherwise contact the Court.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Gross multiple chances to comply. He has failed to do so. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to obey court orders. For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Gross at his address of record.

---

[1] All [2, 7, 8] Orders were mailed to Gross's address of record and were not returned as undeliverable.

2

SO ORDERED, this 25th day of February, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
